UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORCHARD, HILTZ & McCLIMENT, INC.,
a Michigan corporation,

     Plaintiff,                    Case No: 2:14-cv-11902

-vs-                      HON. MARIANNE O. BATTANI

PHOENIX INSURANCE COMPANY
a foreign corporation, and
FEDERATED MUTUAL INSURANCE COMPANY,
a foreign corporation,

     Defendants.

| Thomas, DeGrood & Witenoff, P.C. | Gregory & Meyer, P.C. |
|---|---|
| GREGORY I. THOMAS (P32488) | MICHELE A. CHAPNICK (P48716) |
| MICHAEL F. HEALY (P62382) | Attorneys for Defendant **Phoenix Insurance** |
| Attorneys for Plaintiff | 340 East Big Beaver Road, Ste. 520 |
| 400 Galleria Officentre, Suite 550 | Troy, MI 48083 |
| Southfield, MI 48034 | (248) 689-3920; (248) 689-4560 – fax |
| (248) 353-4450; (248) 353-4451 – fax | mchapnick@gregorylaw.com |
| gthomas@thomasdegrood.com | |
| mhealy@thomasdegrood.com | **Garan Lucow Miller, P.C.** |
| | MEGAN K. CAVANAGH (P61978) |
| | JOHN J. GILLOOLY (P41948) |
| | Attorneys for Defendant **Federated Mut. Ins.** |
| | 1000 Woodbridge Street |
| | Detroit, MI 48207 |
| | (313) 446-1530 |
| | mcavanagh@garanlucow.com |
| | jgillooly@garanlucow.com |

Left margin (vertical text): Thomas DeGrood & Witenoff | www.thomasdegrood.com | Fax 248.353.4451 | Phone 248.353.4450 | Southfield, MI 48034 | 400 Galleria Officentre, Suite 550, Southfield, MI 48034

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56(a) AGAINST DEFENDANT FEDERATED INSURANCE COMPANY



NOW COMES Plaintiff ORCHARD, HILTZ & MCCLIMENT, INC. ("OHM"), by and through its attorneys, Thomas, DeGrood & Witenoff, P.C., and moves this Honorable Court pursuant to Fed. R. Civ. P. 56(a) for summary judgment in its favor and against Defendant FEDERATED INSURANCE COMPANY ("Federated"), with a finding that there is no genuine issue as to a material fact and that Plaintiff is entitled to judgment as a matter of law. In further support of said motion, Plaintiff relies upon its Brief filed contemporaneously herewith.

Plaintiff's counsel has conferred in good faith with counsel for Federated. Concurrence in the relief sought was requested and denied, and it has become necessary to file this motion.

**THOMAS, DeGROOD & WITENOFF, P.C.**

By:   /s/  Michael F. Healy
      Attorneys for Plaintiff
      400 Galleria Officentre, Suite 550
      Southfield, MI  48034
      (248) 353-4450
      mhealy@thomasdegrood.com
      P62382

Thomas DeGrood & Witenoff

www.thomasdegrood.com   Phone 248.353.4450   Fax 248.353.4451

400 Galleria Officentre, Suite 550, Southfield, MI 48034



## <u>CONCISE STATEMENT OF ISSUES</u>

**IS PLAINTIFF ORCHARD, HILTZ & MCCLIMENT AN ADDITIONAL INSURED UNDER THE GENERAL LIABILITY POLICY OF INSURANCE ISSUED BY FEDERATED INSURANCE COMPANY TO PLATINUM MECHANICAL?**

Thomas DeGrood & Witenoff

www.thomasdegrood.com   Fax 248.353.4451   Phone 248.353.4450

400 Galleria Officentre, Suite 550, Southfield, MI 48034



i

## <u>CONTROLLING AUTHORITIES</u>

*Arco Indus. Corp. v. Am. Motorists Ins. Co.*, 448 Mich. 395, 424-425, 531 N.W.2d 168, 182, 1995 Mich. LEXIS 354, 44 (Mich. 1995)

*Auto-Owners Ins. Co. v. Churchman,* 440 Mich. 560, 567, 489 N.W.2d 431, 434, 1992 Mich. LEXIS 2168, 7 (Mich. 1992)

*Dochod v Central Mutual Ins Co,* 81 Mich. App. 63; 264 N.W.2d 122 (1978)

*GAF Sales & Serv. v. Hastings Mut. Ins. Co.*, 224 Mich. App. 259, 261, 568 N.W.2d 165, 167, 1997 Mich. App. LEXIS 222, 2-3, Copy. L. Rep. (CCH) P27,678 (Mich. Ct. App. 1997)

*Heniser v. Frankenmuth Mut. Ins.*, 449 Mich. 155, 172, 534 N.W.2d 502, 510, 1995 Mich. LEXIS 1420, 24, 62 A.L.R.5th 819 (Mich. 1995)

*Holland v Trinity Health Care Corp*, 287 Mich App 524, 527-528; 791 NW2d 724 (2010)

*O'Neal v. St. John Hosp. & Med. Ctr.,* 487 Mich. 485, 496, 791 N.W.2d 853, 858, 2010 Mich. LEXIS 1661, 12 (Mich. 2010)

*Peterson v. Discover Prop. & Cas. Ins. Co.*, 2015 Mo. App. LEXIS 13, 24 (Mo. Ct. App. Jan. 13, 2015)

*Smith v. Grange Mut. Fire Ins. Co.*, 234 Mich. 119, 122-123, 208 N.W. 145, 146-147, 1926 Mich. LEXIS 534, 6-7 (Mich. 1926)

*Western Casualty & Surety Group v Coloma Twp,* 140 Mich. App. 516, 520-521; 364 N.W.2d 367 (1985)

WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 356 (unabridged 1993)

Thomas DeGrood & Witenoff

400 Galleria Officentre, Suite 550, Southfield, MI 48034  Phone 248.353.4450  Fax 248.353.4451  www.thomasdegrood.com



Thomas DeGrood & Witenoff

www.thomasdegrood.com

Phone 248.353.4450   Fax 248.353.4451

400 Galleria Officentre, Suite 550, Southfield, MI 48034

## BRIEF IN SUPPORT OF
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56(a) AGAINST DEFENDANT FEDERATED INSURANCE COMPANY

### INTRODUCTION

This case is a declaratory judgment action. Plaintiff is seeking a declaration that Defendant Federated Insurance Company owes a duty to defend and indemnify OHM as an additional insured under a general liability policy of insurance. The general liability policy of insurance ("policy") in question was issued to Federated's named insured, Platinum Mechanical ("Platinum"). Platinum's duty to defend and indemnify OHM as an additional insured extends to two underlying bodily injury lawsuits (collectively, "underlying lawsuits"). One of the underlying lawsuits is a wrongful death claim filed by *Susan Koch, as Personal Representative of the Estate of Michael Koch, deceased* ("Koch"). The second underlying lawsuit is a bodily injury claim filed by *David McBride* ("McBride"). OHM is a defendant in the underlying lawsuits.

The underlying lawsuits arise out of an explosion that occurred during the construction of the Village of Dexter Wastewater Treatment Plant improvement project. Federated's named insured, Platinum, subcontracted with A.Z. Shmina ("AZS"), who was the general contractor for the project. In its contract with AZS,

1



Platinum agreed to purchase such insurance as would protect OHM from claims arising out of the work to be performed by Platinum.

The Federated policy includes an Additional Insured by Contract Endorsement. The Endorsement provides, in pertinent part, that "Who is an Insured" under the policy is amended to include any person or organization that its named insured (i.e., Platinum) agrees in writing in a contract to include as an additional insured. In the present case, Platinum agreed in writing in a contract to include OHM as an additional insured on its general liability policy. Furthermore, all other requirements for OHM to qualify as an additional insured have been satisfied. Therefore, Federated owes OHM a duty to defend and indemnify it against the allegations in the underlying lawsuits.

## STATEMENT OF FACTS

Federated issued a general liability policy of insurance to Platinum. **Ex. 1, certified policy.** OHM asserts that it qualifies as an additional insured under that policy pursuant to the Additional Insured by Contract Endorsement contained within the policy. *Id.,* Endorsement, p. 21 of 97. In pertinent part, the endorsement provides:

> "Section II - Who Is An Insured is amended to include as an additional insured any person or organization, other than a joint venture, for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional



2

insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or

2. The acts or omissions of those acting on your behalf; in the performance of your ongoing operations for the additional insured." *Id.*

The Federated policy further provides: "It is agreed that insurance provided by any additional insured endorsement is primary coverage. We will not seek contribution from any other insurer when insurance on a non-contributing basis is required by contract." *Id.*, p. 22 of 97.

AZS entered into a contract with Village of Dexter. **Ex. 2, AZS/Village of Dexter Prime Contract.** Pursuant to that Agreement, AZS, as Contractor, was to "complete all Work as specified or indicated in the Contract Documents". The Work, as generally described in the Agreement, "consists of improvements to the existing anaerobic digester and sludge storage tanks, including removal and replacement of the tank covers..." *Id.*, p. 1, par. 1.01. OHM is identified in the Agreement as the Owner's representative with all rights assigned to the Engineer in the Contract Documents. *Id.*, par. 3.01. The Contract Documents include, but are not limited to, the Agreement; General Conditions; Supplementary General Conditions; and, Insurance Requirements. *Id.*, p. 4 of 6, par. 8.01(A)(1), 5, 6, and 7. The Supplementary General Conditions amended the General Conditions to add

Thomas DeGrood & Witenoff

400 Galleria Officentre, Suite 550, Southfield, MI 48034   Phone 248.353.4450   Fax 248.353.4451   www.thomasdegrood.com

3



into the Contract the Insurance Specification, Section 00 80 00. **Ex. 3, Supplementary Conditions, p. 2 of 4, par. SGC-5.** The Insurance Specification, Section 00 80 00, provides in pertinent part as follows:

> "2.1. Insurance Required of the CONTRACTOR:
>
> Prior to commencement of work, the CONTRACTOR shall purchase and maintain during the term of the project such insurance as will protect him, the OWNER(s), and Orchard, Hiltz &McCliment, Inc., Consulting Engineers, from claims arising out of the work described in this Contract and performed by the CONTRACTOR subcontractor(s) or sub-subcontractor(s) consisting of:
>
> *     *     *
>
> 2.1.2. A Comprehensive General Liability policy to cover bodily injury to persons other than employees …" **Ex. 4, Insurance Specification, 00 80 00, pp. 1 & 2 of 5, pars. 2.1 & 2.1.2.**

Federated's named insured, Platinum, entered into a written contract with AZS ("Agreement"). **Ex. 5, Platinum/AZS Agreement.** Platinum Mechanical was to provide "All Labor and Materials for Specifications: Demo, Digester Cover Installation Work". *Id.,* p. 1, par. 1. Exhibit A to Platinum's subcontract with Shmina further delineates that Platinum's scope of work included "remove existing covers". *Id.,* Exhibit A – Subcontractor Work.

Platinum agreed in its contract with AZS to add as an additional insured on its general liability policy any additional parties as required by the Prime Contract Document. *See* Ex. 5, Contract Exhibit E, Insurance Requirements. The Contract

4

Thomas DeGrood & Witenoff

400 Galleria Officentre, Suite 550, Southfield, MI 48034    Phone 248.353.4450    Fax 248.353.4451    www.thomasdegrood.com



Documents incorporated into the Platinum/AZS agreement include, but are not limited to, the Agreement; General Conditions; Supplementary General Conditions; and, Insurance Specification 00 80 00. *Id.,* Contract Exhibit A.

*David McBride* filed a bodily injury complaint against AZS and OHM and Platinum Mechanical. **Ex. 6, McBride complaint.** McBride alleges his lawsuit:

> "… arises out of an explosion that occurred on April 22, 2013, at the Dexter Wastewater Treatment Plant. At the time of the explosion, Plaintiff DAVID McBRIDE was working on top of a 'digester,' which is a large tank with a floating lid. As directed, Plaintiff DAVID McBRIDE was using a torch to cut bolts off the subject digester lid so the lid could be removed and then scrapped. Unknown to Plaintiff DAVID McBRIDE, and amongst myriad other catastrophic failures, the Defendants failed to purge sewage and methane gas from the subject digester. The torch ignited the methane gas and caused an explosion. Plaintiff DAVID McBRIDE was launched into the inside rim of the digester…" *Id.,* pp. 2-3, par. 1.

*McBride* further alleges that OHM negligently breached duties allegedly owed to plaintiff in a myriad of different ways. *Id.,* pp. 35-39, par. 53 (a) – (iii). For examples, *McBride* alleges that OHM negligently breached its duties by:

*     *     *

> "i. failing to make certain that the subject digester had been properly purged of all sewage, waste water, methane, and methane producing byproducts prior to salvaging operations performed by Regal Recycling, Inc.;

*     *     *

> q. failing to continuously purge tanks, lines and systems of explosive gas and methane;

5

Thomas DeGrood & Witenoff

400 Galleria Officentre, Suite 550, Southfield, MI 48034   Phone 248.353.4450   Fax 248.353.4451   www.thomasdegrood.com



Thomas DeGrood & Witenoff

400 Galleria Officentre, Suite 550, Southfield, MI 48034   Phone 248.353.4450   Fax 248.353.4451   www.thomasdegrood.com

\*     \*     \*

> qq. failing to develop and specify the means, procedures, and practices necessary for safe permit space entry operations, including, but not limited to: specifying acceptable entry conditions; observe any monitoring or testing of permit spaces; isolating the permit space; purging, inerting, flushing, or ventilating the permit space as necessary to eliminate or control atmospheric hazards; verifying that conditions in the permit space are acceptable for entry throughout the duration of an authorized entry;" *Id.,* pp. 36 & 38, par. 53 (i), (q) (qq).

*Susan Koch, as Personal Representative of the ESTATE OF MICHAEL KOCH, deceased* filed a wrongful death complaint against AZS and OHM and Regal Rigging. **Ex. 7, Koch complaint.** The complaint alleges that Michael Koch was killed by an explosion at the Dexter WWTP on April 22, 2013 "as a direct and proximate result of the negligent acts and omissions of each of the named Defendants". *Id.,* p. 1, par. 1. *Koch* further alleges that OHM negligently breached duties allegedly owed to plaintiff in a myriad of different ways. *Id.,* pp. 26-29, par. 107 (a) – (jj). For examples, *Koch* alleges that OHM negligently breached its duties by:

\*     \*     \*

> "e. failing to develop, maintain, and implement an accident prevention program, including a confined space program, and coordinate these programs with all supervisors, employees, and subcontractors;

\*     \*     \*

> m. failing to prevent and stop welding operations and torch cutting operations in an area with explosive gases present;

6



Thomas DeGrood & Witenoff

400 Galleria Officentre, Suite 550, Southfield, MI 48034   Phone 248.353.4450   Fax 248.353.4451   www.thomasdegrood.com

\*　　\*　　\*

gg. failing to develop and implement the means, procedures, and practices necessary for safe permit space entry operations, including, but not limited to: specifying acceptable entry conditions; observe any monitoring or testing of permit spaces; isolating the permit space; purging, inerting, flushing, or ventilating the permit space as necessary to eliminate or control atmospheric hazards; verifying that conditions in the permit space are acceptable for entry throughout the duration of an authorized entry;" *Id.,* pp. 26, 27 & 29, par. 107 (e), (m) & (gg).

OHM made demand upon Federated to provide it with additional insured coverage against the *Koch* and *McBride* complaints but was refused. **Ex. 8, denial letter.**

Platinum Mechanical sub-contracted with David McBride's employer, Regal Rigging. **Ex. 9 – Regal Rigging letter of intent.** The work to be performed by Regal Rigging "include removal of both lids from the digester tanks and all associated concrete and steel, labor to perform work, and all insurances necessary". *Id.*

In the underlying *McBride* lawsuit, OHM filed a cross-claim against Platinum Mechanical. **Ex. 10 – cross-claim.** In its cross-claim OHM alleged the contract between AZS and Platinum Mechanical. *Id.,* p. 8, par. 34, Ex. 4. OHM also alleged the contract between Platinum Mechanical and Regal Rigging. *Id.,* p. 9, par. 40, Ex. 5.



Platinum Mechanical answered OHM's cross-claim in the underlying lawsuit. **Ex. 11.** In its answer, Platinum Mechanical admitted the contract between AZS and Platinum Mechanical. *Id.,* p. 8, par. 34. Platinum Mechanical also admitted in its answer the letter of intent between Platinum Mechanical and Regal Rigging. *Id.,* par. 40.

The deposition of John Franklin was taken July 29, 2014. (**Ex. 12 – John Franklin deposition transcript**). John Franklin has worked for AZS for thirty years. *Id.,* p. 6. He has been in the position of Superintendant for AZS for twenty-five years. *Id.,* p. 8. As the Superintendant his job is day-to-day supervision of the job. *Id.,* p. 13. Mr. Franklin testified that on the morning of the occurrence there was no sewage in the primary digester but he was aware there was sewage in the secondary digester (i.e., the digester McBride was standing on when the explosion occurred). *Id.,* pp. 16, 20.     Mr. Franklin observed David McBride using a cutting torch on the secondary digester. He asked the Platinum Mechanical supervisor, Jeremy Cook, to find out why David McBride was cutting on the secondary digester and to ask him to stop because he was to be working on the primary digester. *Id.,* pp. 34-35. Mr. Franklin then saw David McBride continue to cut the side rails to the secondary digester. Mr. Franklin told David McBride to stop working on the secondary digester because there was methane gas and it was dangerous. *Id.,* pp. 35-36. Mr. Franklin testified that he did not again see Mr.

8



Thomas DeGrood & Witenoff

400 Galleria Officentre, Suite 550, Southfield, MI 48034   Phone 248.353.4450   Fax 248.353.4451   www.thomasdegrood.com

McBride cutting on the secondary digester after he told him to stop. Mr. Franklin was standing on the roof between the primary and secondary digesters at the time of the explosion. *Id.,* pp. 37-40.

The deposition of Jeremy Cook was taken September 23, 2014. (**Ex. 13 – Cook deposition transcript**) Mr. Cook has been with Platinum for twelve years as a job foreman. *Id.,* p. 8.  He was present at the WWTP on the day of the incident. *Id.,* p. 9. Platinum was contracted to perform plumbing and pipefitting and also the demolition and reconstruction of the two digester lids. *Id.,* p. 10. On the morning of the incident, Mr. Cook observed McBride using a torch to cut rails off the secondary digester. *Id.,* pp. 22-23. Mr. McBride was not to be working on the secondary digester; therefore, Mr. Cook stopped him and asked what he was doing. *Id.,* pp. 24-25. Mr. Cook told Mr. McBride there was sludge in the digester and a concern of methane gas. *Id.,* pp. 38-39. Mr. Cook had with him a "sniffer" to detect explosive gases. *Id.,* pp. 39-40. Mr. Cook used the sniffer to test for gases in the primary digester but did not test the secondary digester. *Id.,* p. 40. Mr. Cook was aware of harmful gases in the secondary digester and that is why he stopped Mr. McBride and made them aware of his concern about no fire protection. *Id.,* p. 49. After telling Mr. McBride to stop cutting on the secondary digester, Mr. Cook did not see Mr. McBride cutting on the secondary digester again before the accident. *Id.,* p. 66.



The deposition of David McBride was taken June 17, 2015. **Ex. 14, McBride deposition transcript.** Mr. McBride testified that Jeremy Cook from Platinum Mechanical told him to cut the bolts off the center hub of the secondary digester. *Id.,* p. 36. The deposition of Darrell Thorton was taken January 5, 2015. **Ex. 15, Thorton deposition transcript.** Mr. Thorton testified that John Franklin of AZS told David McBride the morning of the incident to cut the bolts off of the center hub of the secondary digester because they "couldn't get them broke loose with the impact or torque wrench." *Id.,* pp. 30-31.

## STANDARD OF REVIEW

Ordinarily, The Court of Appeals reviews a district court's grant of summary judgment de novo. *Trs. of Resilient Floor Decorators Ins. Fund v. A & M Installations, Inc.*, 395 F.3d 244, 247-48 (6th Cir. 2005).Summary judgment is proper where the movant shows there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the district court must construe all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one

Thomas DeGrood & Witenoff

www.thomasdegrood.com   Fax 248.353.4451   Phone 248.353.4450   400 Galleria Officentre, Suite 550, Southfield, MI 48034

10



party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## ARGUMENT

The construction and interpretation of an insurance contract is a question of law for a court to determine. *Henderson v. State Farm Fire & Cas. Co.*, 460 Mich. 348, 353, 596 N.W.2d 190, 193, 1999 Mich. LEXIS 1870, 6 (Mich. 1999). To determine whether an insured is entitled to insurance benefits, the court employs a two-part analysis. "First, [the court determines] if the policy provides coverage to the insured. If it does, [the court then ascertains] whether that coverage is negated by an exclusion." *Buczkowski* v *Allstate Ins Co,* 447 Mich 669, 682; 526 N.W.2d 589 (1994). It is the insured's burden to establish that his claim falls within the terms of the policy. *Heniser v. Frankenmuth Mut. Ins.*, 449 Mich. 155, 172, 534 N.W.2d 502, 510, 1995 Mich. LEXIS 1420, 24, 62 A.L.R.5th 819 (Mich. 1995). Conversely, the insurer must prove that an exclusion to coverage is applicable. *Arco Indus. Corp. v. Am. Motorists Ins. Co.*, 448 Mich. 395, 424-425, 531 N.W.2d 168, 182, 1995 Mich. LEXIS 354, 44 (Mich. 1995) Exclusionary clauses in insurance policies are strictly construed in favor of the insured. *Auto-Owners Ins. Co. v. Churchman,* 440 Mich. 560, 567, 489 N.W.2d 431, 434, 1992 Mich. LEXIS 2168, 7 (Mich. 1992).

Thomas DeGrood & Witenoff

www.thomasdegrood.com   Fax 248.353.4451   Phone 248.353.4450   400 Galleria Officentre, Suite 550, Southfield, MI 48034



It is well settled in Michigan that an insurer's duty to defend is broader than its duty to indemnify. To determine whether an insurer has a duty to defend its insured; the Court looks to the language of the insurance policy and construes its terms to find the scope of the coverage of the policy. An insurer has a duty to defend if the allegations of the underlying suit arguably fall within the coverage of the policy. *GAF Sales & Serv. v. Hastings Mut. Ins. Co.*, 224 Mich. App. 259, 261, 568 N.W.2d 165, 167, 1997 Mich. App. LEXIS 222, 2-3, Copy. L. Rep. (CCH) P27,678 (Mich. Ct. App. 1997) Further, an insurer has a duty to defend, despite theories of liability asserted against any insured which are not covered under the policy, if there are any theories of recovery that fall within the policy. *Dochod v Central Mutual Ins Co,* 81 Mich. App. 63; 264 N.W.2d 122 (1978). In a case of doubt as to whether or not the complaint against the insured alleges a liability of the insurer under the policy, the doubt must be resolved in the insured's favor. 14 Couch on Insurance 2d, § 51:45, p 538. [*Western Casualty & Surety Group v Coloma Twp,* 140 Mich. App. 516, 520-521; 364 N.W.2d 367 (1985), quoting with approval *Detroit Edison Co v Michigan Mut Ins Co,* 102 Mich. App. 136, 141-142; 301 N.W.2d 832 (1980).]

## OHM IS AN ADDITONAL INSURED UNDER THE ADDITONAL INSURED BY CONTRACT ENDORSEMENT

In the first instance, in its denial of coverage letter, the only basis upon which Federated relied to deny coverage was professional services exclusion. *See*



Ex. 8, denial letter. In *Smith v. Grange Mut. Fire Ins. Co.*, 234 Mich. 119, 122-123, 208 N.W. 145, 146-147, 1926 Mich. LEXIS 534, 6-7 (Mich. 1926), the court articulated the law as follows: "This court has many times held, and it must be accepted as the settled law of this State, that, when a loss under an insurance policy has occurred and payment refused for reasons stated good faith requires that the company shall fully apprise the insured of all of the defenses it intends to rely upon, and its failure to do so is, in legal effect, a waiver, and estops it from maintaining any defenses to an action on the policy other than those of which it has thus given notice." In the present case, Federated relied upon an exclusion to deny coverage. Therefore, Federated is precluded from contesting that OHM qualifies as an additional insured under the amended "Who Is An Insured" provisions of the policy. Instead, it is Federated's burden to establish that the "additional insurance does not apply to" OHM as set forth in Federated's denial of coverage.

Secondly, OHM has established that it qualifies as an additional insured under Federated's Additional Insured by Contract Endorsement. Here, Federated's named insured, Platinum, was performing operations for Village of Dexter and AZS. OHM was the owner's (i.e., Village of Dexter) representative on the project. *See* Ex. 2, Prime Agreement, p. 1, par. 3.01. Thus, for purposes of interpreting Federated's policy endorsement, Platinum would be considered to have been "performing operations" for OHM. Therefore, the endorsement requirement that

13



Thomas DeGrood & Witenoff

400 Galleria Officentre, Suite 550, Southfield, MI 48034   Phone 248.353.4450   Fax 248.353.4451   www.thomasdegrood.com

Platinum be "performing operations" for the additional insured has been satisfied. Further, AZS and Platinum agreed in writing in a contract that OHM would be included as an additional insured on Platinum's general liability policy of insurance. Since Platinum was also "performing operations" for AZS, the requirement that there be an agreement in writing in a contract that such entity (i.e., OHM) be added as an additional insured has also been satisfied.

Lastly, the requirement that OHM, in this particular case, is an additional insured only with respect to liability for bodily injury caused, in whole or in part, by the acts or omissions of Platinum or those acting on its behalf has also been satisfied. In this regard, the *Koch* and *McBride* complaints both allege that Platinum caused, in whole or in part, the injuries alleged in the complaints. Therefore, at the very least, Federated owes OHM a duty to defend it against the allegations of those complaints.

Furthermore, in *Peterson v. Discover Prop. & Cas. Ins. Co.*, 2015 Mo. App. LEXIS 13, 24 (Mo. Ct. App. Jan. 13, 2015), the court was faced with interpreting the term "caused" in an additional insured endorsement involved in that case. The court noted that the term "cause" or "caused" was not defined in the policy involved in that policy. Therefore, the court determined that it was necessary to use the ordinary meaning as set forth in the dictionary. The court noted that "Cause" as a verb means "to serve as cause or occasion of: bring into existence." WEBSTER'S

14



THIRD NEW INTERNATIONAL DICTIONARY 356 (unabridged 1993). *Id.* The court then concluded "there is no hint from Webster's definition and the common-sense reading of the word 'cause' that a pre-determination of fault or negligence or liability must exist prior to coverage taking effect. *Id.* at p. 25. Instead, the court concluded that if the insurer in that case had intended to limit coverage only to cases where there was a pre-determined finding of liability (rather than mere "but for" causation) it could have done so. *Id.* at p. 28.

Similarly, in the present case, the Federated policy does not define "caused". Therefore, a common sense dictionary definition of the term applies. As the court in *Peterson, supra,* concluded in that case, there is there is no hint from Webster's definition and the common-sense reading of the word "cause" that a pre-determination of fault or negligence or liability must exist prior to coverage taking effect under the Federated additional insured endorsement at issue in this case. Instead, the common sense interpretation of the term is that only "but for" causation is required to trigger coverage. In the present case, the allegations of the *Koch* and *McBride* clearly establish "but for" causation by Platinum and those acting on its behalf (i.e., Regal Rigging).

In *O'Neal v. St. John Hosp. & Med. Ctr.,* 487 Mich. 485, 496, 791 N.W.2d 853, 858, 2010 Mich. LEXIS 1661, 12 (Mich. 2010), the Michigan Supreme Court explained that the proper interpretation of proximate causation in a negligence

15

action is well-settled in Michigan. In order to be a proximate cause, the negligent conduct must have been a cause of the plaintiff's injury and the plaintiff's injury must have been a natural and probable result of the negligent conduct. These two prongs are respectively described as "cause-in-fact" and "legal causation." While legal causation relates to the foreseeability of the consequences of the defendant's conduct, the cause-in-fact prong "generally requires showing that 'but for' the defendant's actions, the plaintiff's injury would not have occurred." In the present case, the Phoenix policy does not require a showing of "proximate causation". Instead, the policy only requires a showing of "causation", which is a "cause-in-fact" or "but for" standard that has been meet in the present case.

**CONCLUSION**

Wherefore, Plaintiff Orchard, Hiltz & McCliment prays this Honorable Court pursuant to Fed. R. Civ. P. 56(a) for summary judgment in its favor and against Federated Insurance Company with a finding that there is no genuine issue as to a material fact and that Orchard, Hiltz & McCliment is entitled to judgment as a matter of law.

**THOMAS, DeGROOD & WITENOFF, P.C.**

By:     /s/  Michael F. Healy          P62382
Attorneys for Plaintiff
400 Galleria Officentre, Suite 550
Southfield, MI  48034
(248) 353-4450
mhealy@thomasdegrood.com

16

Thomas DeGrood & Witenoff

400 Galleria Officentre, Suite 550, Southfield, MI 48034   Phone 248.353.4450   Fax 248.353.4451   www.thomasdegrood.com



## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2015, Sheila Bodenbach electronically filed *Motion for Summary Judgment Pursuant to FRCP 56(a) Against Defendant Federated Insurance Company* on behalf of Plaintiff with the Clerk of the Court using the ECF system, which will automatically send notification of such filing to all attorneys of record.

**THOMAS, DeGROOD & WITENOFF, P.C.**

By:     /s/  Michael F. Healy
Attorneys for Plaintiff
400 Galleria Officentre, Suite 550
Southfield, MI  48034
(248) 353-4450
mhealy@thomasdegrood.com
P62382

17

